Opinion filed October 25, 2018



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00119-CV

_____

## IN THE INTEREST OF A.W. AND A.W., CHILDREN

On Appeal from the 326th District Court
Taylor County, Texas
Trial Court Cause No. 8677-CX

-- and --

_____

## No. 11-18-00120-CV

_____

## IN THE INTEREST OF M.W., A CHILD

On Appeal from the 326th District Court
Taylor County, Texas
Trial Court Cause No. 8641-CX

# MEMORANDUM OPINION

In separate causes that were joined for trial, the trial court terminated the parental rights of the mother of A.W., A.W., and M.W.  The trial court did not terminate the parental rights of the children's fathers.  With respect to the oldest child (Ar.W.), the trial court appointed that child's father and the father's girlfriend as joint managing conservators.  The trial court appointed the father of the younger two children (Ah.W. and M.W.) to be their managing conservator.  In each cause, the mother filed a notice of appeal and presents a single issue in which she challenges the sufficiency of the evidence in support of the trial court's best interest finding. We affirm.

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017).  To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).  To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent.  *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).  To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).  These include, but are not

limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The trial court found that Appellant had committed the acts listed in subsections (E) and (O) of Section 161.001(b)(1). Specifically, the trial court found that Appellant had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being and that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of their removal from the parent for abuse or neglect. Appellant does not challenge these findings on appeal.

The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the children. Appellant's arguments on appeal relate only to the findings made by the trial court regarding the children's best interest.

The Department became involved with Appellant when Ah.W. was born in 2015. At that time, Appellant tested positive for methamphetamine and Ah.W.

tested positive for Klonopin. The Department initiated family services after Ah.W.'s birth. Then, in 2017, when M.W. was born, both Appellant and M.W. tested positive for methamphetamine and Klonopin. Appellant's children were removed, and she was ordered to participate in a family service plan. She did not comply with the court-ordered service plan, and she continued to abuse drugs while this case was pending. The most recent drug test prior to trial revealed that Appellant tested positive "with high results" for methamphetamine, amphetamine, and cocaine. Appellant admitted at trial that she had used methamphetamine while pregnant with M.W. As a result of that drug use, M.W.'s health has suffered.

The record reflects that, despite her actions, Appellant did not want her parental rights to be terminated; she asked for some sort of visitation and for more time to "get [herself] together." Appellant, however, did not even attempt to work her services while these cases were pending.

Furthermore, Appellant has not raised any of the children at issue in this appeal. Ar.W., who was twelve years old at the time of trial, has never primarily lived with Appellant. Appellant had given Ar.W. to family members to raise. Appellant testified at trial that she had not seen Ar.W. in over a year and that she rarely talked to him on the phone. Appellant acknowledged that Ar.W.'s father and the father's girlfriend had "done a great job" with Ar.W. since he was placed in their care.

By all accounts, each of the children had thrived in their placements while this case was pending. Ah.W. and M.W. were placed with their father and were doing well in his care. Ar.W. was placed with his father and his father's girlfriend and was doing well in their care. We note that the record reflects that the children's fathers and Ar.W.'s father's girlfriend had put the interests of the children above their own interests and, as stated by the trial court, had acted in a truly "extraordinary" manner in this regard.

The father of M.W. and Ah.W. testified that he believed termination of Appellant's parental rights would be in the best interest of M.W. and Ah.W. He feared that, absent termination, M.W. and Ah.W. would be placed with Appellant if something were to happen to him. Ar.W.'s father and the father's girlfriend believed that termination of Appellant's parental rights would be in the best interest of Ar.W. The children's CASA volunteer also believed that termination of Appellant's parental rights would be in the best interest of each of the three children.

With respect to the desires of the children, we note that Ah.W. and M.W. were too young to express their desires and that Ar.W. conferred with the trial court in chambers. The transcription of that conference does not appear in the record, but the trial court noted that it believed that Ar.W. loved Appellant but that Ar.W. was also "disgusted at the same time." Ar.W.'s father's girlfriend acknowledged that Ar.W. loved Appellant and Appellant's mother and wanted to maintain a relationship with them.

Based on the evidence presented at trial and in light of the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of the children. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the emotional and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of Appellant and the placements, the plans for the children by the Department, the stability of the children's placements, Appellant's continued drug use, Appellant's lack of contact with the children, and Appellant's inability to care for the children, we hold that the evidence is sufficient to support the findings that termination of Appellant's parental rights is in the best interest of each of her three children. *See id.* Appellant's sole issue in each appeal is overruled.

We affirm the orders of the trial court.

JIM R. WRIGHT

SENIOR CHIEF JUSTICE

October 25, 2018

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.